# UNITED STATES DISTRICT COURT
## IN THE SOUTHERN DISTRICT OF TEXAS
## CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| Wanda M. Wiley, | § | |
|     Plaintiff, | § | |
| | § | |
| v. | § | C.A. No.  05-263 |
| | § | |
| | § | |
| Jo Anne B. Barnhart, | § | |
|     Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

After obtaining a final judgment in this case (D.E. 19), plaintiff filed an application for an award of attorneys' fees (D.E. 21) under the Equal Access to Justice Act, 28 U.S.C. § 2412 (2006).  On June 21, 2006, The United States Magistrate Judge filed a Memorandum and Recommendation that plaintiff's application be granted in part and denied in part (D.E. 23).  Defendant timely filed objected.  (D.E. 26).

Having considered the pleadings, motions, objections, and evidence in this case, the Court adopts the recommended decision of the Magistrate Judge.

The Magistrate Judge found, and defendant agrees, that plaintiff has satisfied the requirements of 28 U.S.C. § 2412(d)(1)(B) and is entitled to an award of attorney's fees under the EAJA. However, defendant objects to the Magistrate Judge's calculation of the hourly rate, as it reflects the cost of living increases for South Texas, where the Court sits and the plaintiff resides, rather than for Oklahoma, where plaintiff's attorney practices law.

The EAJA vests the district courts with discretion to arrive at a reasonable rate for attorneys' fees based on a statutory rate and potential upward adjustments for cost of living and other special factors. *Yoes v. Barnhart*, 467 F.3d 426, 426–27 (5th Cir. 2006); 28 U.S.C. § 2412(d)(2)(A) (2006). The Supreme Court has implied that applying a cost-of-living adjustment under the EAJA is next to automatic. *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988) (explaining that a special factor justifying an upward adjustment of the $75 hourly cap, refers to "the $75 cap (*adjusted for inflation*)" and "$75 per hour (*adjusted for inflation*)") (emphasis added). The purpose of the upward cost of living adjustment allowed by § 2412(d)(2)(A)(ii) is to secure "sufficient representation for individuals who need it, while minimizing the cost of attorneys' fees awards to the taxpayers." *Baker v. Bowen*, 839 F.2d 1075, 1082 (5th Cir. 1988). Congress wrote the cost of living adjustments into the statute in order to insulate the statutory hourly fee from inflation. *Baker*, 839 F.2d at 1084.

While the cost of living increases should generally be granted, they are not required, nor must they necessarily track the cost of living index for any particular geographical area. *Id.* While such geographically based indicators of inflation are helpful, they are not conclusive. *Id.* Both the decision to depart upward, and the precise amount of any cost of living adjustment, are within this Court's discretion. *Id.* As the Fifth Circuit said in *Baker*, "rates should be increased only to the extent necessary to ensure an adequate source of representation." *Id.*

Cost of living adjustments are regionally particularized so as to account most

accurately for inflation and to ensure local legal representation. Regional indexes are not used to allow lawyers from all parts of the country to profitably serve clients in any other part of the country. However, where individuals are unable to obtain counsel in a certain region, and by necessity seek an attorney in a higher-priced market, it may be appropriate for a Court to use the consumer price index of the market in which the attorney primarily practices, so as "to ensure sufficient representation for individuals who need it." *See Baker*, 839 F.2d at 1082.

The plaintiff in this case resides in Aransas Pass, Texas, within the Corpus Christi division of the Southern District of Texas. (D.E. 1, ¶ 2). There is no evidence suggesting that this plaintiff was unable to secure counsel in this market, and by necessity had to procure representation from a higher-priced market. While one rationale of the statute is to ensure adequate representation, the other is to "minimiz[e] the cost of attorneys' fee awards to the taxpayers." *Baker*, 839 F.2d at 1082. Accordingly, the Court adopts the Magistrate Judge's recommendation to use the consumer-price index for the Houston-Galveston-Brazoria area.[1]

The Court ORDERS that plaintiff is awarded attorneys' fees of $2,897.50 (17.4 hours x $153.75 per hour for 2005, plus 1.4 hours x $158.75 for 2006), plus paralegal fees of $345 (4.6 hours x $75.00 per hour), plus the filing fee of $250.00, for a total of

---

1. *But see* United States v. Eleven Vehicles, 966 F.Supp. 361 (E.D. Pa. 1997). In that case, the District Court was asked by the Government to use the regional index for where the attorney practiced, as it was lower than the applicable rate for the region in which the litigation occurred. *Id.* at 367 n. 5. The Court decided to apply a national inflation index, in part because the services were performed in two locations, and in part because the national index had been applied by that circuit in the past. *Id.*

$3,492.50.  This award SHALL be credited against any award authorized under 42

U.S.C. § 406(b), should one be granted.


Ordered this 23 day of April, 2007.


HAYDEN HEAD
CHIEF JUDGE